NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEGHINE VARDANYAN; SEVADA AVAGYAN, Petitioners, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-71224 Agency Nos. A088-104-986 A088-104-997 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Heghine Vardanyan and Sevada Avagyan, natives and citizens of Armenia,

petition for review of the Board of Immigration Appeals' ("BIA") order dismissing

their appeal from an immigration judge's decision denying their application for

asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and denying their motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011), and for abuse of discretion the BIA's denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We grant the petition for review and remand.

Vardanyan stated several individuals, including a police officer, harmed her and threatened to punish petitioners in place of Vardanyan's politically active father because petitioners were involved in the same activities as Vardanyan's father. Substantial evidence does not support the agency's conclusion that petitioners failed to establish that a protected ground was or would be at least one central reason for their past experiences or fear of future harm. *See Hu*, 652 F.3d at 1019-20 (record compelled finding that one central reason for persecution was petitioner's actual or imputed political opinion); *Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014) ("[A]n applicant's association with, or relationship to, people who are known to hold a particular political opinion may serve as indirect evidence of an imputed political opinion.") (internal quotation and citation omitted).

Petitioners also filed a motion to remand in which Avagyan stated officials detained and sexually assaulted him after he filed a criminal complaint with police

regarding Vardanyan's mistreatment. The officials threatened they would detain and sexually assault Vardanyan if Avagyan did not withdraw his complaint. In denying petitioners' motion to remand, the BIA found Avagyan failed to establish a prima facie case for relief because he did not show he was harmed on account of a protected ground. The BIA abused its discretion in making this finding. *See Movsisian*, 395 F.3d at 1098 ("The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law.'"); *Hu*, 652 F.3d at 1019-20 (concluding petitioner satisfied the nexus requirement). Further, the BIA did not assess whether the facts in petitioners' motion to remand affected their eligibility for CAT relief. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (the BIA is "required to consider all evidence relevant to the possibility of future torture") (internal quotation and citation omitted).

Thus, we grant the petition for review and remand this case to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**