NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDDIE RUDY RAMIREZ, | No.    15-70648 |
| Petitioner, | Agency No. A206-409-636 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN and N.R. SMITH, Circuit Judges.

Eddie Rudy Ramirez, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for relief and ordering

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

questions of law, and we review for substantial evidence the agency's factual findings. *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005); *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

Ramirez has not challenged the BIA's denial of asylum as untimely filed. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

Substantial evidence supports the agency's denial of relief under the Convention Against Torture, where Ramirez failed to show it was more likely than not that a government official in Guatemala would torture him or consent or acquiesce to his torture. *See* 8 C.F.R. § 1208.18(a)(1), *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

The agency did not err in determining Ramirez's conviction for possession of cocaine under Cal. Health and Safety Code § 11350(a) renders him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II). He is therefore statutorily ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). Because his conviction involved cocaine, he is not eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(h) (waiving inadmissibility for "a single offense of simple possession of 30 grams or less of marijuana"). Accordingly, he is also ineligible to adjust status under 8 U.S.C. § 1255(a)(2), because he is inadmissible.

We lack jurisdiction to consider Ramirez's unexhausted contentions regarding post-conviction relief. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**