**NOT FOR PUBLICATION**

FILED



JUL 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER COTO ORTIZ, AKA Jorge Contreras Padilla, AKA Walter Jeovany Coto, | No.    18-70084 |
| Petitioner, | Agency No. A074-337-674 |
| v. | MEMORANDUM[*] |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 5, 2019,
Submission Withdrawn November 7, 2019
Re-Submitted July 15, 2020

Pasadena, California

Before:  SCHROEDER and FRIEDLAND, Circuit Judges, and ROSENTHAL,[**]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Lee H. Rosenthal, United States Chief District Judge for the Southern District of Texas, sitting by designation.

Petitioner Walter Coto Ortiz is a native and citizen of Honduras. He petitions for review of the Board of Immigration Appeals' (BIA) denial of relief under the Convention against Torture (CAT). He contends that the evidence compels the conclusion that he will more likely than not suffer severe pain and suffering with government acquiescence if returned to Honduras. Because he challenges the BIA's contrary factual conclusion, we deferred submission of the case pending the Supreme Court's decision in *Nasrallah v Barr*, 140 S. Ct. 1683 (2020). The Supreme Court had granted certiorari in that case to review whether the courts of appeals lack jurisdiction to review factual determinations underlying denials of CAT relief with respect to noncitizens who have committed an offense specified in 8 U.S.C. § 1252(a)(2)(C). *Nasrallah v. Barr*, 140 S. Ct. 428 (2019) (mem.).

The Supreme Court has now decided that judicial review of the agency's factual determinations is not precluded by § 1252(a)(2)(C) and that such review is deferential. The agency's factual findings must be upheld unless a reasonable adjudicator would be compelled to reach a contrary conclusion. *Nasrallah*, 140 S.Ct. at 1692. We therefore have jurisdiction to decide the question petitioner presents.

The evidence Coto Ortiz presented demonstrated that were he to return to Honduras he would have multiple targets on his back. Because of his family membership, he would be a target for gangs. As many as seven members of his family in Honduras have suffered gang attacks, including rape, brutal beatings and shootings. As a result of his own prison gang membership petitioner bears tattoos that would make him a target not only for gangs but also for police and death squads in Honduras. Dr. Boerman, an expert witness, concluded the chances of petitioner's escaping serious harm on his return were "virtually nonexistent." This evidence compels the conclusion—and the BIA appeared to agree—that petitioner would more likely than not face severe pain and suffering if returned. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) ("CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims.").

The evidence also compels the conclusion that a public official would acquiesce in the torture. The record contains overwhelming evidence of police corruption and evidence that efforts by the Honduran government to control gang violence and police corruption have been largely ineffective. The record belies the agency's finding that due to the government's anti-corruption efforts, petitioner had failed to make the requisite showing of acquiescence. The corruption

3

remained rampant. *See Parada v. Sessions*, 902 F.3d 901, 916 (9th Cir. 2018) (holding that "[e]vidence showing widespread corruption of public officials" is "highly probative" as to government acquiescence)*;Madrigal v. Holder*, 716 F.3d 499, 507 (9th Cir. 2013) (the BIA errs when it considers "only the [federal] government's willingness to control the cartel and not its ability to do so.")

The evidence compels the conclusion that petitioner would be targeted for torture and that the government would acquiesce in it. He is entitled to CAT relief. We therefore grant his petition for review and remand for the agency to grant him deferral of removal under the CAT. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1082 (9th Cir. 2015).

**PETITION GRANTED.**