**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MIGUEL GALAN-NAJARRO, AKA Jose Galan, AKA Jose Najarro, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   19-73030 <br><br> Agency No. A046-932-138 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 22, 2020
San Francisco, California

Before:  CLIFTON, N.R. SMITH, and R. NELSON, Circuit Judges.

Petitioner, Jose Miguel Galan-Najarro, petitions the court for review of the

Board of Immigration Appeals' ("BIA") decision dismissing his appeal and

affirming the Immigration Judge's ("IJ") denial of his application for deferral of

removal under the Convention Against Torture ("CAT") pursuant to 8 U.S.C.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1252. "[W]here the BIA cites its decision in [*Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994)] and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety" and this court reviews the IJ's decision as affirmed by the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc). Reviewing the IJ's factual findings for substantial evidence, we affirm the BIA and deny the petition for review. *See Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018) (explaining that the court may reverse only where the record evidence compels a contrary conclusion to that adopted by the BIA).

The IJ found that, considering all potential sources of torture in the aggregate, Galan-Najarro failed to show that it was more likely than not that he would be tortured if removed to El Salvador. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (explaining that likelihood of torture must be considered in terms of the aggregate risk of torture from all sources). The IJ stated that he "reviewed and considered all of the evidence in the record, even if not expressly mentioned" in the decision, and there is no indication that the IJ failed to do so.

The record evidence does not compel a conclusion that Galan-Najarro would be subject to torture at the National Psychiatric Hospital ("NPH"). As the IJ noted,

Galan-Najarro's claim that he would be subject to torture at the NPH requires three events in a hypothetical chain to occur: (1) Galan-Najarro would come to the attention of Salvadoran authorities, (2) Galan-Najarro would be admitted to the NPH, and (3) Galan-Najarro would be tortured at the NPH via the use of electroconvulsive therapy ("ECT") or otherwise. *See Matter of J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006) ("[A] chain of events cannot be more likely than its least likely link."). Even assuming Galan-Najarro would come to the attention of Salvadoran authorities, the record does not compel a conclusion that the second and third events in the hypothetical chain would occur. Moreover, the record evidence does not compel the conclusion that Salvadorean government officials at the NPH have the specific intent to inflict severe harm on patients via the use of ECT. *See Villegas v. Mukasey*, 523 F. 3d 984, 989 (9th Cir. 2008) (explaining that circumstances evincing "desire to improve" confirmed that mistreatment resulted from "historical gross negligence and misunderstanding" of mental health issues, not a "deliberate intent to inflict harm").

The record evidence does not compel a conclusion that Galan-Najarro would, more likely than not, be tortured by Salvadoran police. It was not unreasonable for the IJ to rely on statistics regarding police torture and Galan-Najarro's criticism of those statistics and the other evidence he offered did not

compel the IJ to find to the contrary. The other complaints Galan-Najarro cites do not all necessarily involve torture, the focus of CAT protections. While underreporting of police violence makes it difficult to provide statistical evidence regarding the scale and likelihood of torture by police, Galan-Najarro, as the CAT claimant, has the burden to establish that future torture is more likely than not. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005).

The record evidence does not compel the conclusion that it is more likely than not that Galan-Najarro would be tortured by gangs. The IJ properly concluded Galan-Najarro's statements regarding childhood fear of gang violence constitute generalized evidence of violence that is not particular to Galan-Najarro, and therefore, insufficient to establish a CAT claim. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Similarly, it was not unreasonable for the IJ to conclude that Galan-Najarro is no longer at risk from the Norteños gang where over ten years have elapsed since Galan-Najarro's last altercation with the Norteños and the record does not contain any evidence of more recent interactions. Anecdotal evidence and generalized statements regarding gang violence towards individuals with mental health issues, without more, does not compel a finding of a clear probability of future torture. *See Blandino-Medina v. Holder,* 712 F.3d 1338, 1348 (9th Cir. 2013) (requiring "hard evidence of a

4

probability that [Petitioner] would be tortured" rather than merely a "series of worst-case scenarios").

**PETITION FOR REVIEW DENIED.**[1]

---

[1] We also deny Galan-Najarro's motion for stay of removal as moot.