NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELMER SIMON VELASQUEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71561 Agency No. A200-953-315 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020**
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Elmer Simon Velasquez petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of his

application for withholding of removal and application for protection under the

Convention Against Torture (CAT). We review denials of withholding of removal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and CAT protection for "substantial evidence." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015); *Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

1. Substantial evidence in the record supports the BIA's determination that Velasquez failed to show that his past harm rose to the level of persecution or an objectively clear probability of future persecution. To succeed on a petition for withholding of removal, a petitioner must show a clear probability of the threat to his life or freedom if deported through either a presumption of fear of future persecution based on past persecution, or an independent clear probability of future persecution. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010). Although Velasquez testified regarding several fights between himself and gang members in Guatemala when he was in school between 1994 and 1999, he presented no evidence regarding the frequency, duration, or severity of the fights. Velasquez may have believed gang members were threatening him when they said that he "had to be with them one way or another, on good terms or bad terms," but the record does not reflect any specific consequences to Velasquez or his family from his refusal to join a gang. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) ("[T]hreats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent

2

confrontations…"). Gang members stated they were not interested in his father, and other than the shooting incident in 2009 by an unidentified individual with unknown motivations, there is no evidence that Velasquez's family has suffered any harm by gang members. The BIA reasonably found that Velasquez had not presented evidence of past persecution or an objectively clear probability of future persecution.

2. Substantial evidence supports the BIA's determination that Velasquez's harm was not on account of his membership in a particular social group. An applicant seeking withholding of removal based on claims of membership in a particular social group must establish that the group is composed of members who share a common immutable characteristic, defined with particularity, and socially distinct within the society in question. *Reyes v. Lynch*, 842 F.3d 1125, 1134-37 (9th Cir. 2016). Although the social distinction prong of this determination is made on a case-by-case basis, we have repeatedly found groups like the one proposed by Velasquez not to be protected social groups. *Id.* at 1137 (former members of the Mara 18 gang in El Salvador who have renounced their membership); *Diaz Torres v. Barr*, 963 F.3d 976, 980-81 (9th Cir. 2020) (professionals who refuse to cooperate with drug cartels in Mexico); *Conde Quevado v. Barr*, 947 F.3d 1238, 1242-43 (9th Cir. 2020) (people who report criminal activity of gangs in Guatemala). In support of his claim, Velasquez

3

presented no evidence indicating that his proposed social group, people who have expressed opposition to gang recruitment, is viewed as socially particularized or distinct within Guatemala.

3. The BIA found that the IJ's application of the "central reason" standard, rather than evaluating whether a protected ground was "a reason" for Velasquez's harm, was harmless error. Because Velasquez was reasonably found not to be a member of any cognizable social group, his membership in such a group could not be "a reason" or a "central reason" for his alleged persecution.

4. Substantial evidence supports the BIA's determination that it is not more likely than not that Velasquez would be tortured with the acquiescence of the government if returned to Guatemala. A petitioner for CAT protection must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). The record does not show that Velasquez was tortured in the past. Moreover, he appears able to relocate within Guatemala, as he did previously while working for the government. The Guatemalan government does not acquiesce to his torture simply because police officers are unable to be with Velasquez at all times. Velasquez has not shown a likelihood of torture if he is returned to Guatemala.

**PETITION DENIED.**