**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

WALTER ANTONIO QUIJADA-
AGUILAR,

*Petitioner*,

v.

LORETTA E. LYNCH, Attorney
General,

*Respondent*.

No. 12-70070

Agency No.
A092-536-869

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
March 3, 2015—Pasadena, California

Filed September 1, 2015

Before: Harry Pregerson, Ferdinand F. Fernandez, and
Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

# SUMMARY[*]

## Immigration

The panel granted Walter Quijada-Aguilar's petition for review of the Board of Immigration Appeals' denial of his applications for withholding of removal under the Immigration and Nationality Act and the Convention Against Torture (CAT), as well as deferral of removal under CAT.

The panel held that the BIA erred in finding that Quijada-Aguilar's conviction and eleven-year sentence for voluntary manslaughter under California Penal Code § 192(a) constituted a categorical crime of violence and particularly serious crime (PSC). The panel held that because a person may be convicted under § 192(a) for reckless conduct, the statute encompasses a broader range of criminal intent than the federal definition of a crime of violence in 18 U.S.C. § 16, which requires intentional use of force or substantial risk that force will be intentionally used. The panel held that Quijada-Aguilar was thus not ineligible for withholding of removal based on having been convicted of an aggravated felony PSC, and granted his petition on that ground.

The panel also granted and remanded for the BIA to evaluate Quijada-Aguilar's claim for deferral of removal under CAT by considering the aggregate risk of torture arising from Quijada-Aguilar's family affiliation together with the risk arising from his status as a criminal deportee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Robert E. Dunn (argued), Frederick S. Chung, and Shawn Liu, Gibson, Dunn & Crutcher, LLP, Palo Alto, California, for Petitioner.

Kathryn Deangelis (argued), Lisa Morinelli, Anthony W. Norwood, Senior Litigation Counsel, and Stuart F. Delery, Acting Assistant Attorney General, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

**OPINION**

NGUYEN, Circuit Judge:

Walter Quijada-Aguilar seeks review of the Board of Immigration Appeals' ("BIA") denial of his applications for withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"), as well as deferral of removal under CAT. We grant his petition for review and remand for further proceedings.

**Background**

Walter Quijada-Aguilar ("Quijada-Aguilar"), a citizen of El Salvador, came to the United States in the mid-1970's as a young boy. His family was fleeing violence in El Salvador, where his father and two uncles were military police officers. In 1992, he was convicted of voluntary manslaughter, in violation of California Penal Code ("CPC") § 192(a), and was sentenced to eleven years of imprisonment.

Quijada-Aguilar was placed in removal proceedings on September 19, 2005.  He conceded removability, and sought several forms of relief from removal.  As relevant to this appeal, he sought withholding of removal under the INA and CAT, and deferral of removal under CAT based on anticipated torture in El Salvador due to both his status as a criminal deportee and his affiliation with his family members who served in the Salvadoran military.  He asserted that his two uncles had been murdered by guerillas due to their military membership, and his father has been missing since he returned to El Salvador shortly after the family's arrival in the United States.

The IJ found Quijada-Aguilar to be ineligible for withholding of removal and denied CAT relief.  The BIA conducted an independent review of the record and affirmed. The BIA concluded that Quijada-Aguilar's voluntary manslaughter conviction is a categorical crime of violence under 18 U.S.C. § 16(b), making it an aggravated felony.  8 U.S.C. § 1101(a)(43)(F).  Because Quijada-Aguilar was sentenced to eleven years for this offense, his conviction constitutes a per se "particularly serious crime," rendering him ineligible for withholding of removal.  *Id.* § 1231(b)(3)(B)(iv) (stating that aggravated felonies resulting in a sentence of at least five years' imprisonment constitute "particularly serious crime[s]").

Regarding deferral of removal under CAT, the BIA concluded that the record lacked sufficient objective evidence to demonstrate a likelihood of future torture based on Quijada-Aguilar's status as a criminal deportee.  The BIA found that Quijada-Aguilar waived any argument that he would be tortured based on his family affiliation because he

did not raise it in his brief before the BIA. Quijada-Aguilar timely filed this petition for review.[1]

## Jurisdiction and Standard of Review

The IJ had jurisdiction pursuant to 8 C.F.R. § 1240.1, and the BIA had jurisdiction pursuant to 8 C.F.R. § 1003.1(b)(3). We have jurisdiction pursuant to 8 U.S.C. §§ 1252(a)(2)(D) and (a)(4). Because the BIA conducted an independent review of the facts and law, we review only the BIA's decision. *Ahmed v. Keisler*, 504 F.3d 1183, 1190 (9th Cir. 2007). We review de novo the BIA's determination that a conviction under California Penal Code § 192(a) is a crime of violence. *Covarrubias Teposte v. Holder*, 632 F.3d 1049, 1052 (9th Cir. 2011). We review the BIA's denial of relief under CAT for substantial evidence. *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).

## Discussion

## A.     Withholding of Removal

Aliens who have been convicted of a "particularly serious crime" are ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). An aggravated felony "for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years," qualifies as a per se "particularly serious crime." *Id.* § 1231(b)(3)(B)(iv). Aggravated felonies include any "crime of violence" as defined in 18 U.S.C. § 16 for which the term of

---

[1] Although Quijada-Aguilar was removed to El Salvador in April of 2013, his case is not moot because his removal order resulted in concrete collateral consequences—specifically, a ten-year ban on returning to the United States—that would be addressed by a grant of this petition. *Blandino-Medina v. Holder*, 712 F.3d 1338, 1341–42 (9th Cir. 2013).

imprisonment is at least one year. 8 U.S.C. § 1101(a)(43)(F).

Here, the BIA's finding that Quijada-Aguilar is ineligible for withholding of removal rests on its conclusion that his voluntary manslaughter conviction under CPC § 192(a) categorically qualifies as a "crime of violence" with a term of imprisonment of at least one year, making him an aggravated felon. And, because he was sentenced to more than five years' imprisonment for that conviction, his conviction was a per se particularly serious crime, making him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(iv). Quijada-Aguilar challenges only the BIA's determination that CPC § 192(a) is a crime of violence. For the reasons set forth below, we agree with Quijada-Aguilar that the BIA erred.

To determine whether a state conviction constitutes a crime of violence under 18 U.S.C. § 16, we apply the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *Ruiz-Morales v. Ashcroft*, 361 F.3d 1219, 1221–22 (9th Cir. 2004). Under this approach, we "'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses . . .' when making a comparison between a prior conviction" and the relevant generic definition. *Rendon v. Holder*, 764 F.3d 1077, 1082–83 (9th Cir. 2014) (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)) (some internal quotation marks omitted). In examining the statutory definitions, we also look to relevant caselaw. *See Covarrubias Teposte*, 632 F.3d at 1054 ("Applying the categorical approach, 'we consider not only the language of the state statute, but also the interpretation of that language in judicial opinions' to give meaning to [the statute's] elements . . . ." (quoting *Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1016 (9th Cir. 2006))). If the state statute "criminalizes more conduct" than the

relevant federal generic definition, it is not a categorical match. *See United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1240 (9th Cir. 2014).

We hold that CPC § 192(a) is not categorically a crime of violence because it encompasses a broader range of criminal intent than the federal definition of a crime of violence in 18 U.S.C. § 16.**[2]**   Specifically, in order to constitute a crime of violence under 18 U.S.C. § 16, "the underlying offense must require proof of an *intentional* use of force or a substantial risk that force will be *intentionally* used during its commission." *United States v. Gomez-Leon*, 545 F.3d 777, 787 (9th Cir. 2008); *see also Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006) (en banc) (expressly overruling prior cases that found "offenses committed through the reckless, or grossly negligent, use of force" to be crimes of violence under 18 U.S.C. § 16).  By contrast, the California Supreme Court has clarified that a person may be convicted of voluntary manslaughter under

---

**[2]** "Crime of violence" is defined as:

> an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.

CPC § 192(a) for merely reckless conduct.[3]  *People v. Lasko*, 999 P.2d 666, 672 (Cal. 2000).  Because a person may be convicted of voluntary manslaughter under California Penal Code § 192(a) for reckless conduct—conduct that falls outside the definition of a crime of violence set forth in 18 U.S.C. § 16—we conclude that § 192(a) is not categorically a crime of violence.[4]  As a result, Quijada-Aguilar is not ineligible for withholding of removal based on having been convicted of an aggravated felony particularly serious crime. We therefore grant Quijada-Aguilar's petition for review on this ground.

The government argues that CPC § 192(a) was limited to intentional conduct at the time of Quijada-Aguilar's conviction in 1992, regardless of what subsequent California cases have stated.  Resp. Br. 19–21 (citing *People v. Brubaker*, 346 P.2d 8, 12 (Cal. 1959)).  According to the government, the focus of the categorical approach must be on the interpretation of the statute that prevailed at the time of the conviction, not on changes in that interpretation announced later.  The government's argument fails to recognize that *Lasko* holds that the intent to kill was *never* an element of voluntary manslaughter.  In this regard, the *Lasko* Court characterized prior California cases that seemingly required an intent to kill as "fleeting observation[s]" and "mere dictum," and unequivocally

---

[3] California Penal Code § 192(a) provides that voluntary manslaughter is the "unlawful killing of a human being without malice . . . upon a sudden quarrel or heat of passion."

[4] The government does not contend that the modified categorical approach applies.  Thus, "our inquiry ends after conducting the categorical analysis."  *Fregozo v. Holder*, 576 F.3d 1030, 1039 n.6 (9th Cir. 2009).

stated that "voluntary manslaughter does not require an intent to kill." 999 P.2d at 671–72. The *Lasko* Court reached this conclusion in heavy reliance on the statutory language of Penal Code § 192(a), which has remained constant since 1872. *See id.* at 671 (noting that the "statutory provision defining voluntary manslaughter contains no requirement of intent to kill"). *Compare* Cal. Penal Code § 192(1) (1872), *with* Cal. Penal Code § 192(a) (West 2015).

Rather than changing or broadening the elements of voluntary manslaughter, then, *Lasko* set forth the law as it always was, including at the time of Quijada-Aguilar's conviction in 1992. *See People v. Crowe*, 87 Cal. App. 4th 86, 94–95 (2001) ("[*Lasko*] did not 'redefine' the crime of voluntary manslaughter. Instead, it simply acknowledged the exact words contained in the crime's statutory definition and gave effect to the fact that the Legislature had not included intent to kill in that definition although previous decisions had not given proper recognition to that omission."). As an opinion of the California high court, *Lasko*'s characterization of California law, both past and present, is binding upon us. *See Johnson v. United States*, 559 U.S. 133, 138 (2010). Following *Lasko*, we therefore must reject the government's claim that voluntary manslaughter required an intent to kill at the time of Quijada-Aguilar's conviction.[5]

---

[5] For this same reason, we reject the government's reliance on the standard jury instruction in effect prior to *Lasko*, which required an intent to kill. *See Lasko*, 999 P.2d at 669–70 (holding that CALJIC No. 8.40 (6th ed.) was improper "because intent to kill is not a necessary element of voluntary manslaughter").

**B.      Convention Against Torture**

Although the BIA deemed Quijada-Aguilar per se ineligible for withholding of removal based on its erroneous interpretation of CPC § 192(a), it considered the merits of his application for deferral of removal because that relief remains available to those convicted of particularly serious crimes. *See* 8 C.F.R. § 1208.17(a).

In order to qualify for deferral of removal under CAT, a petitioner must prove that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). The BIA denied Quijada-Aguilar CAT relief on the ground that he failed to meet his burden of proving he would more likely than not face torture upon his return to El Salvador because of his status as a criminal deportee. The BIA found that "there [was] no indication that . . . El Salvador's anti-gang policies would be used to target [Quijada-Aguilar] simply because he is a criminal deportee." *Matter of Quijada-Aguilar*, File No. A092536869, at 4 (BIA Dec. 9, 2011). But despite evidence in the record regarding the persecution of his family, the BIA concluded that Quijada-Aguilar did "not contest the denial of his [CAT] claim based on the past experiences of his family," thus waiving that issue on appeal. *Id.*

Quijada-Aguilar argues that remand is necessary because the BIA's refusal to consider record evidence regarding the likelihood of future torture based on his family affiliation was improper. We agree. CAT's implementing regulations require the agency to consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3). CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims. *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011) (stating that the consideration of the

risk of torture must "tak[e] into account all possible sources of torture"). Here, Quijada-Aguilar's focus in his brief before the BIA on his status as a criminal deportee should not be construed as a waiver of any reliance on torture arising from family affiliation. Rather, once Quijada-Aguilar appealed the IJ's denial of deferral of removal under CAT to the BIA, the BIA was required to consider "all evidence relevant to the possibility of future torture," 8 C.F.R. § 1208.16(c)(3), including evidence based on family affiliation, in keeping with the regulation requiring the agency to evaluate a CAT claim in light of the aggregate risk of torture from all sources, *see Cole*, 659 F.3d at 775. Accordingly, we grant and remand on this additional ground so that the BIA can evaluate Quijada-Aguilar's claim for deferral of removal under CAT by considering the aggregate risk of torture arising from Quijada-Aguilar's family affiliation together with the risk arising from his status as a criminal deportee.

**GRANTED AND REMANDED.**