NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 9 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LESTER DANIEL MARROQUIN, | No.   16-73036 |
| Petitioner, | Agency No. A095-698-162 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 21, 2018
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and MÁRQUEZ,** District Judge.

Lester Marroquin ("Marroquin") petitions for review of the decision of the

Board of Immigration Appeals ("BIA") (1) affirming the finding of the

immigration judge ("IJ") that Marroquin was competent to represent himself; and

(2) denying Marroquin's claim for relief under the Convention Against Torture

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

("CAT"). We deny the petition with respect to his competency challenge, grant the petition with respect to his CAT claim, and remand for further proceedings.

1.      We treat competency determinations in immigration proceedings—like such determinations in other contexts—as findings of fact, which we review for substantial evidence. *See Deere v. Cullen*, 718 F.3d 1124, 1145 (9th Cir. 2013) (treating competency determinations in the criminal and habeas context as findings of fact); *Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015) (reviewing competency determinations in immigration proceedings for substantial evidence).

Substantial evidence supports the BIA's affirmance of the IJ's competency determination. The IJ conducted a Judicial Competency Inquiry in accordance with the procedures mandated by the permanent injunction entered in *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2013 WL 8115423 (C.D. Cal. Apr. 23, 2013), and its implementing order, *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal., Oct. 29, 2014). Because the government identified Marroquin as a member of the *Franco-Gonzalez* class, the IJ asked Marroquin questions to assess whether he understood the nature of the proceedings and whether he could perform the functions necessary for self-representation. In addition to considering Marroquin's testimony, the IJ considered all the evidence in the record, including Marroquin's recent medical evaluations.

The IJ also reassessed Marroquin's competency in subsequent hearings, and, as a safeguard, accepted Marroquin's testimony as credible.

Moreover, Marroquin presented as competent to represent himself. He provided responsive, coherent, and logical answers to the IJ's questions, stating that his medications were helping and that his hallucinations and other symptoms of schizophrenia had all "gone away." Marroquin also prepared an asylum application supplemented with declarations from himself, his mother, and his relatives in Guatemala. He was able to follow the IJ's instructions throughout the proceedings and presented a coherent narrative of the abuses he allegedly suffered in Guatemala.

Marroquin argues that he should have been found incompetent because he had difficulty deciphering whether past memories reflected real events or only hallucinations. That argument is belied by Marroquin's own testimony, in which he stated that, as a result of medication, he realized his past hallucinations of his mother being kidnapped were "just my mind playing tricks on me." Moreover, the IJ credited Marroquin's testimony as credible, so there was no prejudice to Marroquin due to exaggerated or implausible testimony.

2.     In affirming the IJ's denial of CAT protection for Marroquin, the BIA failed to give reasoned consideration to evidence of Marroquin's repeated abuse at the hands of Guatemalan officials. When assessing whether an applicant is eligible for

CAT relief, the IJ must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 208.16(c)(3). "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015).

Marroquin testified that he was arrested on false charges by police who sent him to jail for the specific purpose of recruiting him to the Zetas cartel. While he was in jail, members of the Zetas attempted to recruit Marroquin to join them, beating him and repeatedly tying him up in full view of jail officers. In a separate incident, jail guards "gassed" Marroquin, beat him, sexually assaulted him, and left him chained. Marroquin further testified that, after his release three months later, several police officers beat him and threatened to kill him if he did not begin working with the Zetas. Because the IJ and BIA found Marroquin credible, we take these factual contentions as true. *See Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011).

Rather than consider the above evidence of torture in the aggregate, the IJ mischaracterized Marroquin's beating by police as a "one-time incident" and concluded that the beating did not amount to torture. The IJ erroneously analyzed the police beating *in isolation* from the other incidents of abuse, ignoring that Marroquin suffered a sustained campaign of violence to force him to join the Zetas.

With regard to the other incidents of abuse, the IJ held, without explanation, that "these incidents cannot be described as torture carried out by the government of Guatemala." It is unclear what the IJ's basis was for such a conclusion. To the extent the IJ concluded that these incidents of abuse were not perpetrated "with the consent or acquiescence of a public official" as required to establish CAT relief, that conclusion was not supported by substantial evidence. 8 C.F.R. § 1208.18(a)(1). Acquiescence to torture "includes awareness and willful blindness" by government officials. *Zheng v. Ashcroft*, 332 F.3d 1186, 1197 (9th Cir. 2003). Marroquin was sent to jail by Guatemalan police, and the physical abuse he suffered there was either directly at the hands of jail officials or in full view of them. The abuse Marroquin describes was unquestionably carried out with at least the acquiescence of public officials. By affirming the IJ's determinations, the BIA committed the same error.

Finally, the BIA and the IJ failed to consider evidence of Marroquin's abuse in conjunction with the country report in the record, which describes numerous human rights abuses including "police and military involvement in serious crimes such as kidnapping," "harsh and life-threatening prison conditions; [and] arbitrary arrest[s] and detention."

**DENIED** in part, **GRANTED** in part, and **REMANDED** for further proceedings.