**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE GERMAN CORONEL RESENDIZ, AKA Salvador Coronel, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  17-73046 <br><br> Agency No. A090-127-347 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 14, 2019
Pasadena, California
Vacated October 7, 2019
Resubmitted April 20, 2020

Before:  CALLAHAN and HURWITZ, Circuit Judges, and KORMAN,** District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

\*\*\*      Pursuant to Ninth Circuit General Order 3.2.h, Judge Hurwitz was
drawn by lot to replace our late colleague Judge Raymond T. Fisher.  Judge
Hurwitz has reviewed the record and briefs in this case and listened to the oral
argument before the prior panel.

Jorge German Coronel Resendiz, a native and citizen of Mexico and a former lawful permanent resident of the United States, petitions for review of a final removal order issued by the Board of Immigration Appeals (BIA), affirming the immigration judge's (IJ) denial of Coronel Resendiz's application for deferral of removal under the Convention Against Torture (CAT).[1]  As the parties are familiar with the facts and procedural history, we do not recount them here.  We note, however, that Coronel Resendiz suffers from schizophrenia and adjustment disorder and was deemed mentally incompetent to represent himself in his immigration proceedings.  Because we conclude that the agency committed legal error by failing to consider or address the aggregate risk of torture from all sources, we grant the petition for review and remand.

1.  The CAT's implementing regulations require the agency to consider "all evidence relevant to the possibility of future torture."  8 C.F.R. § 1208.16(c)(3).  We have interpreted this requirement to mean that "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims."  *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (citing *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011)).  "When

---

[1] Although the IJ also denied his application for asylum and withholding of removal, Coronel Resendiz petitions for review of only the decision regarding his CAT claim.

nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a 'general statement that [the agency] considered all the evidence before [it]' may be sufficient." *Cole*, 659 F.3d at 771 (alterations in original) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006)). "But, where there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Id*. at 771–72 (citations omitted).

Coronel Resendiz asserts he is eligible for deferral under the CAT because it is more likely than not he will be tortured: (1) by mental health workers due to his mental health condition; (2) by police due to his mental illness and gang tattoos; and (3) by gangs as a result of his being deported from the United States. The decisions of the IJ and BIA, taken collectively, address each of Coronel Resendiz's alleged sources of torture, but do so separately and in turn. None of the decisions expressly discusses Coronel Resendiz's aggregate risk of torture from all sources. Accordingly, we find that the agency did not adhere to our admonition that "CAT claims must . . . not [be considered] as separate, divisible CAT claims." *Quijada-Aguilar*, 799 F.3d at 1308; *see also Cole*, 659 F.3d at 775. Although the agency's decisions refer to its consideration of "all relevant evidence" and "the totality of the record evidence," these "catchall phrases" do not convince us that the agency

3

properly considered the "aggregate risk of torture" faced by Coronel Resendiz from all sources if he is removed to Mexico. For that reason, we grant the petition for review and remand for an evaluation of his aggregate risk of torture from all sources.

2. Coronel Resendiz raises several other challenges in his petition for review, all pertaining to the agency's treatment of his claim that he will be intentionally tortured due to his mental illness. Specifically, Coronel Resendiz alleges that the agency erred by: failing to distinguish his case from *Villegas v. Mukasey*, 523 F.3d 984 (9th Cir. 2008); imposing a heightened standard of proof in assessing specific intent; engaging in improper fact-finding; and ignoring expert testimony and other probative evidence without reasoned explanation. These issues and any underlying findings and conclusions pertaining to Coronel Resendiz's eligibility for CAT protection are open to reconsideration on remand.

3. In its reconsideration, the agency should take note of our previous holdings regarding the standard of proof for the specific intent to torture in a CAT claim. "[T]o establish a likelihood of torture for purposes of the CAT, a petitioner must show that severe pain or suffering was specifically intended—that is, that the actor intend the actual consequences of his conduct, as distinguished from the act that causes these consequences." *Villegas*, 523 F.3d at 989. However, a torturer's specific intent in a CAT claim may be established by direct or circumstantial

4

evidence and inferred from evidence of prior harmful acts and practices. *See Guerra v. Barr*, 951 F.3d 1128, 1135 (9th Cir. 2020) (approving an IJ's use of "evidence of primitive and abusive practices on mental health patients . . . to support an inference of specific intent to inflict harm"); *Ridore v. Holder*, 696 F.3d 907, 917 (9th Cir. 2012) ("If it is true that the . . . government has a policy of placing accused human rights violators in charge of prisoners, as the IJ found it does, then there is nothing illogical in inferring the government intends to put those prisoners at risk of cruel, abusive treatment that would qualify as 'severe suffering' or 'torture'—as the IJ found.").

4. Finally, we deny Coronel Resendiz's request for compensation of his pro bono counsel based on the reasons discussed in our opinion, *Perez v. Barr*, __ F.3d ___ (9th Cir. 2020).

The petition for review is **GRANTED**.