NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRINÍDAD BENAVIDEZ LEÓN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    20-70931

Agency No. A019-805-705

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2019[**]
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and VRATIL,[***] District Judge.

Petitioner Trinídad Benavidez León seeks review of a decision by the Board

of Immigration Appeals ("BIA") which denied deferral of removal under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1208.13(c)(1). In doing so, the BIA adopted in full the decision of the Immigration Judge ("IJ"). We therefore review the decision of the IJ. *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005). We have jurisdiction under 8 U.S.C. § 1252. For the reasons stated below, we deny the petition for review.

1. Substantial evidence supports the IJ's determination that petitioner's claims of future torture both inside and outside of a mental health facility are too speculative to warrant relief.

We review the IJ's determination for substantial evidence. *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011). Under this standard, we must uphold the IJ's determination unless the record compels a contrary conclusion. *Id.*

Petitioner argues that more likely than not, he will be tortured if he is institutionalized in Mexico. The IJ found that more likely than not petitioner will not to be institutionalized upon his return. Petitioner has never been involuntarily institutionalized, and he has not explained what about his circumstances has changed so that institutionalization is now more likely than not to occur. Moreover, the record lacks evidence that persons with chronic mental illness who do not have support systems are more likely than not to be institutionalized. Absent a showing that petitioner will more likely than not be institutionalized upon his return to Mexico, we must uphold the IJ's finding that petitioner failed to show that the staff

20-70931

of a mental health facility in Mexico is more likely than not to torture him. *See In re J.F.F.*, 23 I. & N. Dec. 912, 917–18 n.4 (A.G. 2006) (to obtain relief under CAT, petitioner must show that each link in chain is more likely than not to occur).

Substantial evidence also supports the IJ's conclusion that police are unlikely to torture petitioner. The IJ found that the record lacked evidence that police in Mexico would torture petitioner. In fact, the IJ emphasized that petitioner sought help from police when he was afraid that he was being chased. While police may have tortured petitioner more than 50 years ago, the IJ found that the record lacked evidence that petitioner would be tortured by the police if returned to Mexico today. Country conditions reports do not compel a different result because petitioner does not specifically explain why it is more likely than not that he is at risk of torture by police.

Finally, substantial evidence supports the IJ's conclusion that the general public is unlikely to torture petitioner. Petitioner stated that unknown persons chased him while he was in Mexico, and he was afraid that staff members at the rehabilitation facility where he was previously institutionalized would harm him. Both concerns are too speculative to merit CAT relief. As the IJ noted, petitioner does not know who was chasing him or for what purpose. Thus, the record does not compel a conclusion that these unknown persons would chase—much less torture—petitioner if he returns to Mexico. After he escaped from the rehabilitation facility,

petitioner lived nearby without incident. Petitioner provides no explanation of why staff members would now wish to harm him.

Because Petitioner has not shown that he is more likely than not to be involuntarily institutionalized, we need to reach the question of whether he is more likely than not to be tortured if he is institutionalized.

2.     The record does not compel a finding that the aggregate risk of torture is greater than 50 percent.

The IJ must consider the "aggregate risk of torture from all sources." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015).

Petitioner argues that the IJ failed to consider the aggregate risk of torture. The IJ did not explicitly state that she considered petitioner's claims in the aggregate. This does not mean, however, that the IJ considered petitioner's claims as "separate, divisible CAT claims." *Id.* Indeed, the IJ wrote that "in light of the foregoing" petitioner did not meet his burden under the CAT. Thus, the record lacks evidence that the IJ failed to consider petitioner's risk of torture from all sources.

**PETITION FOR REVIEW DENIED.**

**PETITION FOR STAY OF REMOVAL DENIED AS MOOT.**