NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JING SHENG CHEN,

    Petitioner,

 v.

MERRICK B. GARLAND, Attorney
General,

    Respondent.

No. 20-73267

Agency No. A047-860-759

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022[**]
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,[***] District Judge.

Petitioner is a native and citizen of China who entered the United States as a

lawful permanent resident on April 23, 2001. In 2011, he was convicted of drug-

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

related crimes in Oregon. An immigration judge ("IJ") found that Petitioner was removable and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") adopted the IJ's decision without opinion. Petitioner seeks review of the BIA's adoption of the IJ's denial of his request for deferral of removal under CAT. We deny the petition.

Substantial evidence supports the IJ's conclusion that Petitioner failed to establish that it is "more likely than not" that he would be tortured if he returned to China. 8 C.F.R. § 1208.16(c)(2); *see Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015) (holding that we review for substantial evidence the denial of CAT relief). Substantial evidence supports the IJ's finding that Petitioner's mistreatment did not rise to the level of past torture. Although government officials detained Petitioner overnight in 2002 and beat him, Petitioner neither provided specific testimony regarding his injuries nor claimed that his injuries were severe or required medical treatment. A brief detention coupled with non-specific, non-severe physical injuries does not rise to the level of past torture. *See, e.g.*, *Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir. 2006) (concluding that substantial evidence supported the IJ's determination that a month-long detention and multiple beatings by police did not rise to the level of torture). Nor does the remaining evidence in the record, including evidence of country conditions,

compel the conclusion that Petitioner would more likely than not be tortured.

We reject Petitioner's argument that the BIA failed to consider all the evidence in the record. Where, as here, the BIA adopts an IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we "review the IJ's decision as if it were the BIA's decision." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (citation omitted). The IJ expressly considered the evidence of country conditions and reasonably concluded that it failed to meet Petitioner's burden.

**PETITION DENIED.**