**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 5 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CELIA MARIA SANTANA ALVARENGA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-70412

Agency No. A041-690-583

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2022
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and REISS,** District Judge.

Petitioner Celia Maria Santana Alvarenga seeks deferral of removal under

the Convention Against Torture ("CAT"), asserting that if removed to Mexico she

will more likely than not be placed in a drug rehabilitation facility and subject to

torture. She also contends that prior criminal affiliates or the police will target and

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Christina Reiss, United States District Judge for the
District of Vermont, sitting by designation.

torture her based on her prior drug trafficking activity and subsequent conviction. An Immigration Judge ("IJ") found that Petitioner failed to establish it was more likely than not she would be tortured in Mexico and ordered her removal. The Board of Immigration Appeals ("BIA") agreed. We review the denial of CAT relief for substantial evidence, Quijada-Aguilar v. Lynch, 799 F.3d 1303, 1305 (9th Cir. 2015) (citation omitted), and deny the petition.

1.      Petitioner's argument that, if returned to Mexico, she will relapse and subsequently be placed in a rehabilitation facility where she will be tortured is too speculative to "compel[] a contrary conclusion from that adopted by the BIA." Parada v. Sessions, 902 F.3d 901, 909 (9th Cir. 2018) (internal quotation marks and citation omitted); see also Garcia v. Wilkinson, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is not sufficient to satisfy the applicant's burden [under CAT].").

2.      Petitioner's fear that she will be tortured by the police or cartel members in Mexico also does not rise above the speculative level, as she has failed to establish that either group has a continuing interest in her. See Duran-Rodriguez v. Barr, 918 F.3d 1025, 1029-30 (9th Cir. 2019) (affirming denial of CAT relief where petitioner received death threats in the past from a cartel member but the record evidence did not establish a continued interest in the petitioner).

3.     The IJ did not improperly discount the opinions of Dr. Garcia, Petitioner's expert witness, but merely observed this witness's testimony must be considered "in conjunction with all other objective evidence to determine if the [Petitioner] has met her burden under the legal standards for CAT protection." The IJ further "thoroughly read and reviewed the country condition[s] evidence" submitted by Petitioner, "especially as it pertains to the treatment of those suffering from mental health disorders in Mexico." See Gonzalez-Caraveo v. Sessions, 882 F.3d 885, 894 (9th Cir. 2018) ("The IJ did not fail to consider country conditions. The IJ's statement that there was evidence in the record that showed the Mexican government was at times complicit in cartel work shows that the IJ did review the record, he was just not persuaded by it.") (internal citation omitted).

4.     Finally, the BIA declined to reach Petitioner's argument that she will be tortured with the acquiescence of a public official, and this court's analysis is limited to issues addressed by the BIA. See J.R. v. Barr, 975 F.3d 778, 785 (9th Cir. 2020) (concluding that where the BIA did not reach certain issues, this court "cannot . . . decide those questions in the first instance").

The petition is **DENIED** and the motion for a stay of removal, Dkt. No. 1, is **DENIED AS MOOT**. The temporary stay of removal will remain intact until the mandate issues.

3