NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 5 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER MARTINEZ, | No.   21-70763 |
| Petitioner, | Agency No.   A040-200-753 |
| v. | |
| MERRICK B. GARLAND, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 5, 2022
Seattle, Washington

Before: CLIFTON and BUMATAY, Circuit Judges, and CHEN,[**] District Judge.
Partial Dissent by Judge BUMATAY

Petitioner Javier Martinez, a native of Costa Rica and a citizen of Nicaragua,

petitions for review of the Board of Immigration Appeals' (BIA) denial of his claim

for relief under the Convention Against Torture (CAT), as well as the BIA's denials

of his requests for a continuance and for administrative closure.   We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Edward M. Chen, United States District Judge for the
Northern District of California, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a). As the parties are familiar with the facts and procedural history, we do not recount them here. Because we conclude that the agency committed legal error by failing to consider the aggregate risk of torture from all sources and by making its own factual finding regarding the 2002 grant of withholding of removal, we grant Martinez's petition for review and remand on the CAT claim. On remand, the agency should also consider Martinez's request for administrative closure. We deny Martinez's petition for review as to the agency's denial of a continuance.

1.     The CAT's implementing regulations require the agency to consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 1208.16(c)(3). We have interpreted this requirement to mean that "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (citing *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011)). In other words, a petitioner need only show that "taking into account all possible sources of torture, he is more likely than not to be tortured." *Cole*, 659 F.3d at 775. "Thus, in assessing a CAT claim from an applicant who has posited multiple theories for why he might be tortured, the relevant inquiry is whether the *total* probability that the applicant will be tortured—considering all potential sources of and reasons for torture— exceeds 50 percent." *Velasquez-Samayoa v. Garland*, 38 F.4th 734, 738 (9th Cir.

2

2022) (emphasis in original).

In support of his CAT claim, Martinez identified several sources of torture: (1) by drug gangs and the police due to his mental health conditions; (2) by police officers and armed civilian groups who may target him as a suspected gang member; (3) by the same groups because of his family connections as an opponent of President Daniel Ortega; and (4) by the Santos family and Sinaloa drug cartel, who may believe that he "ratted on them" and cooperated with law enforcement in the United States. The decisions of the BIA and IJ, taken collectively, address some of these sources of torture, but do so separately. The agency did not aggregate the risk of torture from all sources and thus failed to assess Martinez's overall risk of being tortured.

With regard to Martinez's drug addiction, the BIA concluded that Martinez failed to demonstrate that it was more likely than not that he would be tortured due to his drug addiction. The BIA reached this conclusion by reasoning that the "drug-addiction based claim relies on a series of events, all of which must happen for torture to occur" and concluding that the evidence did not establish that any event was "more likely than not to happen, let alone that the entire chain[s] will come together to result in the probability of future torture." (citing *Medina-Rodriguez v. Barr*, 979 F.3d 738, 750–51 (9th Cir. 2020)). As to the risk of torture from the Santos family and Sinaloa cartel, the BIA affirmed the IJ's finding that Martinez has

not shown that "his individual risk of torture from Karla, the Sinaloa Cartel, or any other person or organization is 'more likely than not.'" The BIA did not assess Martinez's asserted risk of torture stemming from his family's opposition to President Ortega. The agency thus failed to assess whether the aggregation of all risks "results in a probability greater than 50 percent that he will be tortured." *Velasquez-Samayoa*, 38 F.4th at 740.

2.      In assessing the risk of torture, the BIA gave no weight to the prior grant of withholding of removal from 2002 because it found the withholding was rendered under "different circumstances" that "provide[d] little, if any, context into [Martinez's] present situation." The BIA did not in this regard review a finding of fact by the IJ as none was made. Instead, the BIA made its own factual finding in the first instance. In so doing, the BIA exceeded its authority. *See* 8 C.F.R. § 1003.1(d)(3)(iv)(A)) ("The Board will not engage in factfinding in the course of deciding cases . . ."); *see also Brezilien v. Holder*, 569 F.3d 403, 414 (9th Cir. 2009) (remanding where "[t]he BIA improperly relied upon its own factual findings to conclude that Brezilien had not established a well-founded fear of future persecution"); *Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) ("[N]either the BIA nor the Ninth Circuit is authorized to undertake the initial factfinding necessary to determine" the viability of a proposed social group).

3.      In denying Martinez's request for administrative closure, the BIA relied

on *Matter of Castro-Tum* which found that IJs and the BIA lacked the authority to administratively close cases. *See Matter of Castro-Tum*, 27 I. & N. Dec. 271, 282–83 (A.G. 2018). *Castro-Tum* was subsequently overruled by *Cruz-Valdez*, which restored administrative closure. *See Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (A.G. 2021). The government concedes that *Cruz-Valdez* applies retroactively. *See Barrios v. Garland*, 854 F. App'x 116 (9th Cir. 2021) (remanding to BIA for further consideration in light of *Cruz-Valdez*).

While acknowledging that the BIA did not analyze the merits of Martinez's request for administrative closure, the government argues that remand would be futile since the agency denied his request for a continuance. *See Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 566 n.9 (9th Cir. 1985) (remand not required when it "would be an idle and useless formality") (quotation omitted). Remand is not futile here because the BIA's decision to deny a continuance was driven in part by concern over administrative inefficiencies, a concern not relevant to the decision regarding administrative closure.

4. We deny Martinez's petition for review as to the BIA's denial of a continuance. Martinez argues that the agency abused its discretion by failing to evaluate the likelihood of success of his U-visa application. But both the IJ and BIA noted their "concerns" that Martinez's criminal record made it less likely the U-visa would be granted. Because the agency properly weighed the likelihood of success

as well as the administrative inefficiencies of a continuance, there was no abuse of discretion.

**PETITION FOR REVIEW GRANTED IN PART, DENIED IN PART, AND REMANDED.**



*Javier Martinez v. Garland*, No. 21-70763
BUMATAY, Circuit Judge, dissenting in part:

I agree with granting the petition and remanding to the BIA solely on the issue of Javier Martinez's request for administrative closure. After the BIA ruled, but before this appeal, the Attorney General changed the law governing administrative closures. *See Matter of Cruz-Valdez*, 28 I. & 2 N. Dec. 326, 329 (A.G. 2021). While I am less certain of this, the government says that *Cruz-Valdez* must apply retroactively to Martinez's case. Given that concession, we must remand for the BIA to consider *Cruz-Valdez* in the first instance. While the government asserts that we could apply the futility doctrine, that would violate *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

I dissent in part because I disagree with the panel majority's conclusion that the BIA failed to properly consider the evidence of potential torture Martinez would face if removed to Nicaragua or Costa Rica.

1. The majority holds that the BIA ignored Martinez's argument that he was likely to be tortured because he would be perceived as an opponent to Nicaraguan president Daniel Ortega. But we lack jurisdiction to consider this argument because Martinez failed to sufficiently brief it to the BIA. Our jurisdiction extends only to those claims exhausted before the BIA. 8 U.S.C. § 1252(d)(1). Exhaustion requires that the BIA be put "on notice so that it ha[s] an opportunity to pass on th[e] issue." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (simplified). Martinez did not

1

mention his political opinion argument in his brief to the BIA except for a one-line parenthetical describing his fear of Ortega and a factual recitation of his asylum petition. These fleeting references were not enough to put the BIA on notice that Martinez was advancing a political opinion argument and so we lack jurisdiction to consider the claim.

2. I also disagree with the majority's conclusion that the BIA should have given more weight to Martinez's grant of withholding of removal in 2002. Withholding of removal involves different factual questions and different legal standards than relief under the Convention Against Torture. *Compare* 8 U.S.C. 1231(b)(3)(A) (Withholding of removal is appropriate if "the alien's life or freedom would be threatened" if removed to the alien's home country "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion), *with* 8 C.F.R. § 1208.17(a) (CAT relief is appropriate if the applicant shows he "is more likely than not to be tortured" if removed.). If substantial evidence supports the BIA's conclusion that he would not be tortured with the acquiescence of government officials if returned to Nicaragua or Costa Rica (as I think the record compels), it is irrelevant that an immigration judge also found he established a fear of persecution back in 2002.

3. Finally, I disagree that the BIA failed to consider the aggregate risk of torture. We know that the BIA did consider the aggregate risk to Martinez because

2

the BIA said it did. As the BIA clearly stated in its decision, "We have considered all relevant factors in this case, in the aggregate, in reaching this decision." And "[w]hen nothing in the record or the BIA's decision indicates a failure to consider all the evidence, a general statement that [the agency] considered all the evidence before [it] may be sufficient." *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011). While we might disagree with the BIA's analysis of the evidence, nothing indicates that it failed to consider all the evidence properly before it.