**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUANA SILVIA CHAVEZ-CHUC, | No. 18-72165 |
| Petitioner, | Agency No. A208-541-515 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2023**
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Juana Silvia Chavez-Chuc, a native and citizen of Guatemala, petitions pro

se for review of a decision of the Board of Immigration Appeals ("BIA")

upholding the Immigration Judge's ("IJ") denial of her claims for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part.

We review the agency's factual findings for substantial evidence. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under that standard, the agency's findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because the BIA referenced portions of the IJ decision while adding its own reasoning, our review is centered on the BIA's decision, and we review the IJ decision only to the extent the BIA relied on it. *See Nuru v. Gonzalez*, 404 F.3d 1207, 1215 (9th Cir. 2015).

1. In evaluating Petitioner's claims, the BIA considered Petitioner's membership in two particular social groups—"women" and "children." Substantial evidence supports the BIA's determination that Petitioner failed to demonstrate that the abuse she suffered or feared due to her membership in those social groups "was or would be committed by . . . forces that the government was unable or unwilling to control." *Rodriguez Tornes v. Garland*, 993 F.3d 743, 751 (9th Cir. 2021). The record indicates that, although violence against women and children remains a serious problem in Guatemala, the government has taken steps to combat the violence. Although the record suggests that progress has been slow, it does not compel a different conclusion from the one reached by the BIA. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064-65 (9th Cir. 2020). Petitioner's

asylum and withholding claims based on her membership in the social groups "women" and "children" accordingly fail. *See id.*

2. In her appeal of the IJ decision, Petitioner argued that the IJ erred in finding that she did not suffer past persecution based on her membership in a "tribal group." The BIA appears to have overlooked that aspect of Petitioner's appeal, adjudicating her claims only with respect to the two other social groups already discussed. We therefore remand for the BIA to determine whether the IJ erred in denying Petitioner's claims for asylum and withholding due to her membership in a tribal group. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner.").

3. The BIA's denial of Petitioner's claim for relief under the CAT also appears to have overlooked Petitioner's argument that she is likely to be tortured because of her membership in the Quiche tribe. "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). We accordingly remand for the agency to reconsider Petitioner's CAT claim in light of all her arguments regarding the likelihood of future torture.[1]

---

[1] The government argues that Petitioner forfeited any challenge to the agency's determination that she was ineligible for protection under the CAT

**PETITION GRANTED and REMANDED in part and DENIED in part.**

---

because she failed to challenge that determination in her opening brief. Construing Petitioner's pro se brief "liberally," however, she has stated enough to preserve the claim. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Sembiring v. Gonzales*, 499 F.3d 981, 990 (9th Cir. 2007) ("It is a long-established principle that the submissions of pro se [petitioners] should be liberally construed.").