NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN ERNESTO VILLALTA-SALAZAR, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-953 <br><br> Agency No. A213-613-332 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2024[**]
San Francisco, California

Before: LEE and BRESS, Circuit Judges, and TUNHEIM, Senior District Judge.[***]

Joaquin Villalta-Salazar (Villalta), a native and citizen of El Salvador, seeks

review of a Board of Immigration Appeals' (BIA) decision dismissing his appeal of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John R. Tunheim, United States Senior District Judge for the District of Minnesota, sitting by designation.

an Immigration Judge (IJ) order denying his applications for withholding of removal and protection under the Convention Against Torture (CAT). We review the agency's factual findings for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      To be eligible for withholding of removal, Villalta had to show "that it is more likely than not" that he will be persecuted if returned to El Salvador "because of" his membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see* 8 U.S.C. § 1231(b)(3)(A).

The record does not compel the conclusion that Villalta suffered past persecution by either gangs or the Salvadoran government. As to the gangs, the agency permissibly concluded that Villalta failed to show that the Salvadoran "government was unable or unwilling to control" Villalta's former gang or its rival. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (internal quotation marks and citation omitted). Although country conditions evidence documents gang violence, in light of the government's attempted reforms and Villalta's personal experience with police attempting to address gang violence, the

record does not compel the conclusion that the government was unable or unwilling to protect Villalta. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014) (finding insufficient evidence to compel the conclusion that the Guatemalan government was unable or unwilling to control private violence when it had "taken steps to combat violence," even though it had not "achieved the desired goals of resolving crimes and protecting citizens"); *Singh v. Garland*, 46 F.4th 1117, 1123 (9th Cir. 2022) ("[T]he BIA can draw its own conclusions from contradictory and ambiguous country conditions reports.").

Substantial evidence likewise supports the BIA's determination that Villalta's past harm by Salvadoran government officials did not rise to the level of persecution. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Sharma*, 9 F.4th at 1060 (citation omitted). Here, the record supports the agency's conclusion that Villalta's two beatings by police causing minor injuries and single imprisonment without serious physical harm did not collectively rise to the level of persecution. *See id.* at 1061 (explaining that past persecution is more likely when the petitioner "suffered serious injuries that required medical treatment" and noting that "[w]e have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm"); *Al-Saher v. I.N.S.*, 268 F.3d 1143, 1146 (9th Cir. 2001) (finding no past persecution where petitioner was "detained for a period of five or six days" but "was

not beaten, tortured, or threatened" during the detention).[1]

Furthermore, substantial evidence supports the agency's determination that Villalta failed to show an objectively reasonable fear of future persecution in El Salvador. *See Sharma*, 9 F.4th at 1065; 8 C.F.R. § 1208.16(b)(1)(i). The record does not compel the conclusion that Villalta would be unable to relocate internally to avoid harm from gangs. And Villalta did not show that the government officials who harmed him 15 years ago have any continuing interest in him, especially since he has renounced his gang membership.

2. Substantial evidence likewise supports the denial of CAT relief. To prevail on his CAT claim, Villalta had to show that, "taking into account all possible sources of torture, he is more likely than not to be tortured" if removed to El Salvador. *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1156 (9th Cir. 2022).

Villata did not demonstrate past torture. *See Guo v. Sessions*, 897 F.3d 1208 (9th Cir. 2018) (explaining that torture "is more severe than persecution" (citation omitted)). In addition, these incidents occurred more than 15 years ago, Villalta could relocate to avoid future harm from gangs, and Villalta has not established that the government has any particular interest in harming him. The generalized evidence of violence on which Villalta relies does not compel the conclusion that he

---

[1] We note that we would reach the same conclusion under either a de novo or substantial evidence standard of review. *See Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022).

is likely to be tortured if returned to El Salvador.  *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).

Nor did the agency fail to consider the aggregate risk of torture.  *See Velasquez-Samayoa*, 49 F.4th at 1154–55.  The BIA "agree[d] with the Immigration Judge's determination that [Villalta] did not meet his burden to establish that he faces a clear probability of torture with the acquiescence or consent of a public official or other person acting in an official capacity in El Salvador *from all sources*."  In doing so, the BIA cited the page of *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) indicating that "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims."  *Id.* (citation omitted).  There is no basis to conclude that the BIA did not consider the risks of torture in the aggregate.

**PETITION DENIED.**[2]

---

[2] Villalta's motion to stay removal, Dkt. 2, is denied.  The temporary stay of removal shall remain in place until the mandate issues.