**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANKUSH KAPILA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-3333

Agency No. A061-396-174

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2024**
San Francisco, California

Before: WARDLAW, GOULD, and BUMATAY, Circuit Judges.

Ankush Kapila, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for deferral of removal under the regulations implementing

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "We review questions of law regarding CAT claims de novo." *Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023). We review the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection for substantial evidence, and "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We deny the petition.

1. The BIA did not commit legal error in evaluating Kapila's application for CAT deferral. While failure to consider one of an applicant's arguments may constitute legal error, *see Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020), the record belies Kapila's contention that the agency ignored his arguments here. The agency did not "misstat[e] the record" or "fail[] to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771-72 (9th Cir. 2011). Similarly, contrary to Kapila's contention that the agency's "myopic" focus on the absence of past torture evinces legal error, the agency properly considered the "aggregate risk of torture from all sources." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). The absence of past torture is a significant factor in this analysis. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019) ("Relevant considerations for a CAT claim include evidence of past torture inflicted upon the applicant, evidence of safe internal relocation, evidence of

mass violations of human rights within the country of removal, and other pertinent country conditions.”).

2. Substantial evidence supports the BIA’s finding that Kapila failed to demonstrate the requisite risk of torture.[1] Kapila bears the burden of establishing that it is more likely than not he would be tortured upon his removal to India. 8 C.F.R. § 1208.16(c)(2). But Kapila’s claims of threats, bullying, and discrimination from Sikhs because of his Hindu religion do not amount to past torture. *See, e.g.*, *Khudaverdyan v. Holder*, 778 F.3d 1101, 1109 n.7 (9th Cir. 2015) (being threatened, beaten, and detained by military police did not rise to past torture under CAT); *Ahmed v. Keisler*, 504 F.3d 1183, 1201 (9th Cir. 2007) (being taken into custody and beaten on four occasions constituted persecution but did not rise to past torture under CAT). Moreover, the BIA did not err in affirming the IJ’s finding that Kapila failed to show that he faces threats of future torture from “Sikhs in general.” *See Ridore v. Holder*, 696 F.3d 907, 915 (9th Cir. 2012) (determining that “what is likely to happen to the petitioner if removed” is a factual question). Kapila did not suffer past torture from Sikhs and failed to show conditions in India represented a likelihood of Sikhs harming him upon his return.

Lastly, the BIA did not err in concluding that Kapila, a Hindu, could relocate

[1] Kapila expressly noted in his opening brief that he “does not contest” the BIA’s affirmance of the IJ’s denial of his motion to continue the hearing pending a ruling in his postconviction proceedings.

outside Punjab to avoid persecution from Sikhs, since Hinduism is the majority religion in India. So substantial evidence supports the BIA's conclusion that it is not more likely than not that Kapila would be tortured upon removal to India.

**PETITION DENIED.**[2]

[2] Kapila's Motion to Stay Removal (Dkt. No. 3) is DENIED as moot.