NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO DUSSTIN RAMOS-NAVAS, | No. 19-72985 |
| Petitioner, | Agency No. A044-185-927 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 7, 2021
Pasadena, California

Before: WARDLAW, GOULD, and OWENS, Circuit Judges.

Mario Dusstin Ramos-Navas, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") denial of deferral of

removal under the Convention Against Torture ("CAT"). "Where the BIA

conducts its own review of the evidence and law, rather than adopting the

[Immigration Judge's ("IJ")] decision, our review is limited to the BIA's decision,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). We review legal conclusions de novo and factual findings for substantial evidence. *Id.* As the parties are familiar with the facts, we do not recount them here. We grant the petition and remand.

Ramos-Navas argues in part that the BIA failed to consider his aggregate risk of torture from all sources. Specifically, Ramos-Navas contends that his potential torturers include: (1) gang members in prison; (2) public officials in prison; (3) staff at mental health institutions; (4) Salvadoran security forces, or private citizens participating in "death squads," outside of prison; and (5) gang members outside of prison.

"CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015); *see also* 8 C.F.R. § 1208.16(c)(3) (stating that the agency shall consider "all evidence relevant to the possibility of future torture"); *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011) (stating that the consideration of the risk of torture must "tak[e] into account all possible sources of torture" and that the BIA erred by not considering "the *aggregate* risk that Cole would face from police, death squads, and gangs").

Contrary to the government's contention, we conclude that Ramos-Navas sufficiently exhausted this issue. "Exhaustion requires a non-constitutional legal

claim to the court on appeal to have first been raised in the administrative proceedings below, and to have been sufficient to put the BIA on notice of what was being challenged," but "this does not require the issue to have been raised in a precise form during the administrative proceeding." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (internal citation omitted). Here, while Ramos-Navas focused on his risk of torture inside a prison or mental health institution, we conclude that he sufficiently put the agency on notice that he was also raising the aggregate risk of torture from additional sources. *Cf. Quijada-Aguilar*, 799 F.3d at 1308. For example, in his brief to the BIA, Ramos-Navas quoted the portion of *Cole* that concerns aggregate risk and mentioned "death squads" twice.

Because the BIA failed to consider Ramos-Navas's aggregate risk of torture from all possible sources if removed to El Salvador, we remand for it to do so.

**PETITION FOR REVIEW GRANTED AND REMANDED**.