NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIGUEL ANGEL RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 19-72784 <br> 20-73088 <br><br> Agency No. A097-764-017 <br><br> MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted June 9, 2021
Seattle, Washington

Before: GOULD, CLIFTON, and MILLER, Circuit Judges.

Miguel Angel Ramirez, a citizen and native of El Salvador, petitions for

review of two orders of the Board of Immigration Appeals dismissing his appeal

from an immigration judge's denial of his application for deferral of removal under

the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1),

and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. Before the agency, Ramirez claimed that he would be tortured if returned to El Salvador "because of his status as a deportee with a criminal record and previous gang affiliation," which would subject him to the registration and reporting requirements of the Salvadoran government's Decree 717, thereby placing him at risk of harm. He was therefore required to establish that each "step in this hypothetical chain of events is more likely than not to happen" and "that the entire chain will come together to result in the probability of torture." *Medina-Rodriguez v. Barr*, 979 F.3d 738, 751 (9th Cir. 2020) (quoting *In re J-F-F*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006)).

Substantial evidence supports the immigration judge's finding that, even if Ramirez were "required to register or follow the preventative measures under Decree No. 717, he has not established that it is more likely than not that he will be harmed by either government forces or government-linked death squads." As the immigration judge observed, "the record evidence does not show that the Salvadoran government is using the reporting requirements to arrest, detain, or harm persons suspected to be affiliated with gangs," or that the government is sharing registry data with death squads. And the fact that security forces killed more than 1,000 suspected gang members in 2017 does not establish that Ramirez is more likely than not to be tortured, considering that "there are an estimated 60,000 gang members in El Salvador." The immigration judge also explained why

2

he found the testimony of Dr. Hallett insufficient, and he was not required to accept her contrary opinion. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 706 n.7 (9th Cir. 2010).

2.      Substantial evidence also supports the agency's conclusion that the Salvadoran government would not acquiesce in any torture by gangs. *See Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam). The immigration judge discussed the record evidence of ongoing gang violence but found that the Salvadoran government is acting to combat it. Even if some evidence supports Ramirez's claim that the Salvadoran government is willfully blind to gang violence, the record does not compel that conclusion. *See* 8 U.S.C. § 1252(b)(4)(B). Nor do we see any basis to doubt the immigration judge's "general statement that he considered all the evidence before him." *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

3.      Finally, the agency considered both the specific and aggregate risk of torture from each claimed source. *Cf. Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015). And substantial evidence supports the agency's conclusion that, based on "all of the evidence in the record," Ramirez failed to carry his burden. *Cf. Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894–95 (9th Cir. 2018).

**PETITION DENIED.**

The motion for a stay of removal, Dkt. 1-4 (20-73088), is **DENIED** as moot.