**NOT FOR PUBLICATION**

**FILED**

AUG 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL TRUJILLO PARRA, | No. 20-71578 |
| Petitioner, | Agency No. A209-877-416 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 28, 2021
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and ROBRENO,** District
Judge.

Rafael Trujillo Parra, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") denial of his applications for (1)

withholding of removal, and (2) deferral of removal under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eduardo C. Robreno, United States District Judge for
the Eastern District of Pennsylvania, sitting by designation.

Torture ("CAT"). Because "the BIA cite[d] [*Matter of*] *Burbano*[, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provide[d] its own review of the evidence and law, we review both the [Immigration Judge's ("IJ")] and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We deny the petition.[1]

## 1. Particularly Serious Crime

Parra argues that the BIA and IJ erred in concluding that his assault conviction was for a "particularly serious crime," rendering him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). We review that decision only for abuse of discretion as to whether the agency applied the correct legal standard and relied on the appropriate factors and evidence. *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020). We do not re-weigh the evidence leading to the agency's "ultimate determination." *Id.* (citation omitted).

In conducting the particularly serious crime analysis, the IJ considers three factors: "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction." *Id.* (internal quotation

---

[1] There is a pending motion and supplemental motion to stay Parra's removal. Dkt. Nos. 1, 6. At Parra's request during oral argument, we leave the temporary stay of removal intact until the mandate in this case issues. Once the mandate issues, we deny both motions as moot.

2

marks and citation omitted). A noncitizen convicted of a particularly serious crime is now presumed to be a "danger to the community." *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (citation omitted). The IJ also considers evidence of the noncitizen's mental health during the commission of the crime. *See Gomez-Sanchez v. Sessions*, 892 F.3d 985, 995-97 (9th Cir. 2018).

Parra argues that the IJ abused her discretion by evaluating the wrong factors, incorrectly focusing on Parra's mental illness and his "likelihood of future misconduct" rather than the nature of his crime. The record, however, shows otherwise. In a detailed order, the IJ extensively discussed the severity of Parra's crime and the factors underlying his assault conviction, noting that the attack was "unprovoked," involved repeated punches and kicks "against a random victim," and "produced great bodily injury." The IJ also properly considered how Parra's mental health impacted the severity of his crime. Thus, we decline to disturb the agency's conclusion that Parra's conviction was for a "particularly serious crime."

### 2. CAT Deferral

Parra next challenges the denial of his CAT deferral claim. The IJ rejected Parra's claim after determining he did not show it was "more likely than not" that he would be tortured if removed to Mexico. 8 C.F.R. § 1208.17(a). Specifically, the IJ concluded that Parra's fear of torture was predicated on a specific sequence of events, and though Parra demonstrated the likelihood he would be taken into

3

police custody if removed to Mexico, he did not demonstrate the likelihood he would be tortured by police officers, sent to a mental health institution, or harmed by mental health workers with the requisite intent to torture him. We review the agency's conclusion that Parra failed to meet his burden for substantial evidence. *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011). "Substantial evidence review means that we may only reverse the agency's determination where 'the evidence compels a contrary conclusion.'" *Parada v. Sessions*, 902 F.3d 901, 908-09 (9th Cir. 2018) (citation omitted).

The evidence does not compel the conclusion that Parra demonstrated his likelihood of torture. Even if Parra can show it is more likely than not that police officers would transfer him to a Mexican mental institution, he cannot show that the mental health workers would possess the requisite intent to harm him. In *Villegas v. Mukasey*, we held that generally poor conditions in Mexican mental health institutions were insufficient to show a "specific intent to harm the mentally disabled." 523 F.3d 984, 985 (9th Cir. 2008). Though we recognized the patients were living in "terrible squalor," we concluded that "the conditions do not amount to torture within the meaning of the CAT." *Id.* at 989; *see also Acevedo Granados v. Garland*, 992 F.3d 755, 764-65 (9th Cir. 2021). Because we discern no meaningful distinction between Parra's evidence of torture and the evidence we deemed insufficient in *Villegas*, 523 F.3d at 986, we conclude that Parra cannot

4

meet his burden to show likelihood of torture under the CAT.

Finally, Parra argues for the first time in a Federal Rule of Appellate Procedure 28(j) letter that the agency erroneously failed to aggregate his combined risk of torture from either the police or mental health institutions, citing *Quijada-Aguilar v. Lynch*, 799 F.3d 1303 (9th Cir. 2015). *See also Guerra v. Barr*, 974 F.3d 909, 916 (9th Cir. 2020). Parra contends that the agency treated both sources of risk as "distinct, siloed CAT claims." The Government responds that Parra waived this issue by failing to raise it in his opening brief, and we agree. We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004) (citation omitted). Though we have recognized an exception to this rule where failure to consider an issue would "result in manifest injustice," we conclude that in this case, failing to reach the aggregation issue does not meet that standard. *Id.* (citation omitted). Thus, Parra waived the aggregation issue by failing to raise it properly in his opening brief.

For the above reasons, the petition for review is **DENIED.**