NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA LEGARDA-BUGARIN,

Petitioner,

v.

MERRICK GARLAND,

Respondent.

No.    20-73424

Agency No. A098-269-814

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2021
San Francisco, California

Before:  PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Maria Legarda-Bugarin, a native and citizen of the Philippines, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") denial of her Convention Against Torture ("CAT")

claim.  We have jurisdiction under 8 U.S.C. § 1252.  "We review the [BIA's] legal

conclusions de novo . . . and its factual findings for substantial evidence."

*Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(citations omitted). "We review claims of due process violations in deportation proceedings de novo . . . ." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citations omitted). When, as here, the "BIA cites *Matter of Burbano* and does not expressly disagree with the IJ's decision, it adopts the IJ's decision in its entirety." *See Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013) (citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) and *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc)). "When the BIA cites *Burbano* but adds its own analysis, we review factual findings by both the BIA and the IJ for substantial evidence." *Id.* (citations omitted). We grant the petition for review in part, deny it in part, and remand for further proceedings.

1.      Legarda-Bugarin argues that the BIA erred when it failed to consider the aggregate risk of torture from all sources. We agree.

To qualify for deferral of removal under CAT, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (citing *Cole v. Holder*, 659 F.3d 762, 775 (9th Cir. 2011)). In other words, a petitioner need only show that "taking into account all possible sources of torture, he is more likely than not to be tortured." *Cole*, 659 F.3d at 775.

In support of her CAT claim, Legarda-Bugarin offered three independent reasons why she would be subjected to torture if she is returned to the Phillippines. She has presented evidence that she will be tortured by the Philippine government and/or state-directed vigilantes because: (1) the government will discover her past drug use through her criminal records; (2) community members will discover her past drug use and place her on a drug watch list; or (3) she will relapse and be targeted as a current drug user. Under these circumstances, the risks of harm should be considered under the aggregate analysis. *See Quijada-Aguilar*, 799 F.3d at 1308; *see Cole*, 659 F.3d at 775; *see also Matter of G-A*, 23 I. & N. Dec. 366, 372 (B.I.A. 2002).

The BIA, however, treated Legarda-Bugarin's three risk factors as links in a hypothetical chain of events, requiring her to prove that each link in the chain is more likely than not to occur. *See Medina-Rodriguez v. Barr,* 979 F.3d 738, 751 (9th Cir. 2020) (citing to *Matter of J-F-F-*, 23 I. & N. Dec. 912, 917-18 (A.G. 2006)); *see also Haile v. Holder*, 658 F.3d 1122, 1131-32 (9th Cir. 2011). This was error because Legarda-Bugarin's three theories represent independent risk factors, not links in a causal chain. The BIA should have therefore assessed these risk factors in the aggregate.

Accordingly, we grant Legarda-Bugarin's petition on this ground and remand for the BIA to consider all of the risks of harm that she identified in the aggregate.

2.     Legarda-Bugarin next contends that the BIA violated her due process rights when it failed to properly consider her expert's opinion regarding the likelihood of her relapsing if she is returned to the Phillippines.  Finding no error, we deny the petition on this issue.

"[A]n alien who faces deportation is entitled to a full and fair hearing of [her] claims and a reasonable opportunity to present evidence on [her] behalf." *Colmenar*, 210 F.3d at 971 (citations omitted).  We will "reverse the BIA's decision on due process grounds if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting [her] case.'" *Id*. (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)).  "To warrant a new hearing, the alien must also show prejudice, which means that 'the outcome of the proceeding may have been affected by the alleged violation.'" *Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009) (quoting *Colmenar*, 210 F.3d at 971).

The BIA credited Dr. Owen's expert testimony but reasoned that Legarda-Bugarin was nevertheless unlikely to relapse given evidence in the record that she has been "sober for 16 years . . . completed treatment programs in prison, learned various skills for coping, and is committed to the rehabilitation process."  The BIA

4

also reasoned that Ny Nourn's[1] character letter "stating that [the] applicant has proven that rehabilitation has worked for her as she has spent more than 15 years working on herself and helping others" as well as Legarda-Bugarin's own expert's letter "describing [the] applicant as hardworking and prepared to lead a crime free life" were persuasive. The BIA further reasoned that relapse was unlikely because Legarda-Bugarin would live with her parents and siblings upon returning to the Philippines and not by herself.

"Due process and this court's precedent require a minimum degree of clarity in dispositive reasoning and in the treatment of a properly raised argument." *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds* (citations omitted). The BIA's decision meets these requirements.

**3.** Finally, Legarda-Bugarin argues that the BIA erred by taking administrative notice of the definition of a "conviction record" in the Detention and Removal Operations Policy and Procedure Manual ("Manual"), Appendix 14-1[2], and that by doing so, it engaged in improper fact finding. There is no merit to this argument, however.

---

[1] Ny Nourn is a Community Advocate at Advancing Justice who became friends with Legarda-Bugarin while incarcerated in the same prison facility.
[2] U.S. Dep't of Homeland Sec., Detention and Removal Operations Policy and Procedure Manual (2006), https://www.ice.gov/doclib/foia/dro_policy_memos/09684drofieldpolicymanual.pdf.

The BIA may take administrative notice of facts that are not reasonably subject to dispute, such as: "(1) Current events; (2) The contents of official documents outside the record; (3) Facts that can be accurately and readily determined from official government sources and whose accuracy is not disputed; or (4) Undisputed facts contained in the record." 8 C.F.R. § 1003.1(d)(3)(iv)(A)(1-4). When the BIA takes administrative notice of controversial or individualized facts, the BIA must provide the noncitizen with notice and an opportunity to rebut them. *See Circu v. Gonzales*, 450 F.3d 990, 993 (9th Cir. 2006) (en banc) (citation omitted); *Castillo–Villagra v. INS*, 972 F.2d 1017, 1028 (9th Cir. 1992).

Legarda-Bugarin contends that the BIA violated her due process rights when it did not provide notice of its intent to take administrative notice of the Manual, Appendix 14-1. Specifically, she argues that the particular "appendix [provision] cited by the BIA had never been raised or discussed by either party or the IJ" and that she was therefore ambushed. These arguments fail. Legarda-Bugarin relied on the Manual, Appendix 16-1, in her opening brief before the BIA. The BIA did not ambush Legarda-Bugarin by taking administrative notice of a related appendix provision that was relevant to her argument.

Further, the BIA did not engage in fact finding when it cited the Manual, Appendix 14-1. Rather, the BIA cited that provision for the definition of a "conviction record." Legarda-Bugarin does not dispute the accuracy or existence

6

of the definition, but rather that the definition does not apply in this context. However, that is a legal question, not a factual one. Under these circumstances, we fail to see any error in the BIA's decision to take administrative notice of the definition of a "conviction record" in Appendix 14-1 of the Manual.

**AFFIRMED IN PART, DENIED IN PART, AND REMANDED**.[3]

The parties shall bear their own costs on appeal.

---

[3] The motion for a stay of removal (Dkt. Nos. 1, 7) is granted. Legarda-Burgarin's removal is stayed pending issuance of the mandate.