NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR PENA-LEYVA,<br><br>              Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   17-72262<br><br>Agency No. A078-056-638<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
San Francisco, California

Before:  BYBEE and R. NELSON, Circuit Judges, and MORRIS,[***] District Judge.

Petitioner Cesar Pena-Leyva ("Pena-Leyva") petitions for review of a

decision by the Board of Immigration Appeals ("Board") affirming an Immigration

---

          [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

          [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

          [***]     The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Judge's denial of his application for protection under the Convention Against Torture ("CAT"). Exercising our jurisdiction under 8 U.S.C. § 1252(a)(1), we review the Board's decision for substantial evidence, *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015), and deny the petition.

1. The immigration judge applied the proper legal standard when he determined that Pena-Leyva failed to establish that the Mexican government would acquiesce to his torture. An applicant is eligible for CAT protection if he establishes that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R § 1208.16(c)(2), (4). The CAT defines torture as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted . . . with the consent or acquiescence of[] a public official or other person acting in an official capacity." *See* 8 C.F.R. § 1208.18(a)(1). Public officials acquiesce to torture when they are aware that torture of the sort feared by the applicant regularly occurs, but remain "willfully blind to it." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006).

We reject the Government's contention that 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction. *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 936 (9th Cir. 2005); *Pechenkov v. Holder*, 705 F.3d 444, 448 (9th Cir. 2012). The Court may review the agency's final order of removal once an alien has exhausted all

administrative remedies available to him. 8 U.S.C. § 1252(d)(1). We conclude that Pena-Leyva exhausted his argument that the Government would acquiesce to his torture. Although he stated his argument more broadly to the Board than to this Court, he addressed "willful blindness" and argued that "the [immigration judge] erred by holding that Respondent failed to . . . show that the Mexican government would consent or acquiescence [sic] to his torture." Pena-Leyva's brief sufficiently notified the Board that he intended to challenge the immigration judge's determination regarding government acquiescence. *See Cruz–Navarro v. INS*, 232 F.3d 1024, 1030 n.8 (9th Cir. 2000) ("[T]he issue in question may have been argued in a slightly different manner [to the Board] and still be preserved for appeal.").

Pena-Leyva's argument, while preserved, lacks merit. The immigration judge denied Pena-Leyva's application because he concluded that Pena-Leyva failed to establish that Pena-Leyva was at an individualized risk of cartel violence, not because he disbelieved that the Mexican government acquiesced to cartel violence in other cases. Pena-Leyva has failed to identify any way in which the immigration judge or the BIA misapplied the requisite legal standard.

2.      Substantial evidence supports the Board's determination that Pena-Leyva failed to meet his burden of showing that he would more likely than not be tortured if he was removed to Mexico. In assessing the likelihood of a petitioner

17-72262

suffering future torture in the proposed country of removal, The Court considers all relevant evidence, including: (1) evidence of past torture inflicted upon the applicant; (2) evidence that the applicant could relocate to a part of the country of removal where he is unlikely to be tortured; (3) evidence of gross, flagrant, or mass violations of human rights within the country of removal, where applicable; and (4) other relevant evidence regarding conditions in the country of removal. 8 C.F.R. § 1208.16(c)(3).

Pena-Leyva has not alleged past torture or present threats of torture. His fear of torture based on his conviction, or the robbery experienced by his cousins proves speculative. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021). Pena-Leyva has also failed to rebut the Board's determination that he could travel freely around Mexico to avoid cartel-controlled areas. His subjective fear of torture cannot support a claim for CAT protection. *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**PETITION DENIED.**

17-72262