**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 25 2022

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO CRUZ-CALMO, | No. 20-72841 |
| Petitioner, | Agency No. A202-065-865 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2022
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and RAKOFF,** District Judge.

Ricardo Cruz-Calmo, a citizen of Guatemala, petitions for review of a Board

of Immigration Appeals (BIA) order upholding the denial of his claims for asylum

and withholding of removal under the Immigration and Nationality Act and

protection under the Convention Against Torture (CAT). We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

8 U.S.C. § 1252 and deny the petition.

During his time in the United States, Cruz-Calmo was convicted in Washington state court for driving under the influence (DUI). The BIA held that his DUI conviction was a "particularly serious crime" that barred Cruz-Calmo's eligibility for asylum and withholding of removal. It also denied CAT relief because Cruz-Calmo had not shown it was more likely than not that he would be tortured with the acquiescence of the government if returned to Guatemala. On appeal, Cruz-Calmo challenges the agency's "particularly serious crime" determination and argues that the denial of his CAT claim is not supported by substantial evidence.

1. "Where the BIA cites *Matter of Burbano,* 20 I. & N. Dec. 872 (B.I.A.1994), and does not express disagreement with any part of the [Immigration Judge's (IJ)] decision, the BIA adopts the IJ's decision in its entirety" and we review both decisions. *Joseph v. Holder*, 600 F.3d 1235, 1239–40 (9th Cir. 2010). Though we lack jurisdiction over the ultimate decision that Cruz-Calmo committed a particularly serious crime, we retain jurisdiction to "determine whether the [agency] applied the correct legal standard." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (quoting *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019)). Our review is "limited to ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence' to reach [its] conclusion." *Id.* (first alteration in original) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)). We reverse

"only if the BIA acted arbitrarily, irrationally, or contrary to law." *Id.* (quotation marks omitted) (quoting *Arbid v. Holder*, 700 F.3d 379, 385 (9th Cir. 2012) (per curiam)).

Cruz-Calmo argues that the agency created a per se category of particularly serious crimes for all DUIs. We disagree. The IJ never concluded that all DUIs are necessarily "particularly serious." Instead, the IJ stated the elements of Cruz-Calmo's DUI offense and explained how those elements "potentially bring the offense within the ambit of a particularly serious crime." *See Bare*, 975 F.3d at 961–62 (quotation marks omitted) (quoting *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007), *overruled in part on other grounds by Blandino-Medina v. Holder*, 712 F.3d 1338, 1347–48 (9th Cir. 2013)). The agency properly concluded that the risks potentially posed by those elements meant that Cruz-Calmo's DUI conviction passed the first gatekeeping factor of the "particularly serious crime" analysis.

Cruz-Calmo also contends that when evaluating the other factors, the IJ ignored favorable evidence. His contention boils down to a disagreement with the IJ's weighing of relevant evidence, which was not arbitrary, irrational, or contrary to law. *See id.* at 961.[1]

2. We review the agency's denial of CAT relief for substantial evidence.

---

[1] Cruz-Calmo affirmatively waived the argument that the agency erred by relying on the police report. *See Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1231 (9th Cir. 2021).

*Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1305 (9th Cir. 2015). "Under the substantial evidence standard, 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (citing 8 U.S.C. § 1252(b)(4)(B)).

Cruz-Calmo argues that the agency failed to consider all the evidence because it found that his past harm was limited to "kidnapping and a singular beating." But we need not decide whether the record compels a different conclusion because the agency assumed that the harm suffered by Cruz-Calmo amounted to torture. The agency concluded that Cruz-Calmo did not qualify for CAT protection because he could safely relocate to another part of Guatemala and had not established that the government would acquiesce to his torture. The agency's conclusion that Cruz-Calmo could relocate was also proper. Cruz-Calmo's family has lived safely in another town since 2015. And although Cruz-Calmo testified that he wouldn't be able to farm where his wife lives, he also stated that other people in town farm for an occupation. As for Cruz-Calmo's contention that he could be found by his persecutors, he provides no reason to believe that rival party members would still be looking for him seven years later (especially given the fact that the rival party has disbanded).

Finally, Cruz-Calmo argues that evidence about the government's failure to

protect indigenous people establishes the government's acquiescence to his potential torture. But the country conditions evidence also shows that the Guatemalan government is taking steps to combat violence against indigenous people, including passing protective laws, creating specialized agencies, founding model police forces in indigenous communities, and recognizing indigenous laws. Because "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence," the record fails to compel the conclusion that Cruz-Calmo qualifies for CAT protection. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020) (quoting *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016)).

**PETITION DENIED.**