NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELEAZAR CALMO-MENDOZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-73367

Agency No. A095-784-778

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 5, 2022
Honolulu, Hawaii

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Petitioner Eleazar Calmo Mendoza, a citizen and national of Guatemala,

appeals from the Board of Immigration Appeals' ("BIA") decision affirming the

Immigration Judge's ("IJ") denial of his application for protection under the

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. §

1252. "Because the BIA affirmed on the basis of *Matter of Burbano*, we review

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the IJ's decision as if it were the BIA's decision." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc). Reviewing the denial of CAT relief for substantial evidence, *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam), and legal questions de novo, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), we grant the petition.

1.    Calmo Mendoza argues that the IJ erred by requiring him to establish past torture. While past torture is "a relevant consideration in deciding whether an applicant faces a likelihood of future torture," and may be "the principal factor" justifying CAT relief when it exists, a showing of past torture is not required. *Akosung v. Barr*, 970 F.3d 1095, 1105 (9th Cir. 2020). The agency must consider all evidence relevant to the possibility of future torture, including past torture, the petitioner's ability to relocate within the country of removal, and other relevant country conditions. 8 C.F.R. § 1208.16(c)(3). "[N]o one factor is determinative." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc). Therefore, the IJ erred by requiring Calmo Mendoza to show it was "more likely than not" that he was tortured in the past to be eligible for CAT relief.

2.    Calmo Mendoza also argues that the IJ erred by requiring him to report his attack to the Guatemalan police. "[W]e have never required that an applicant report his alleged torture to public officials to qualify for relief under CAT." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1060 (9th Cir. 2006). Here,

the IJ found that public official acquiescence could not be adequately measured because Calmo Mendoza unreasonably failed to report to the official police. But Calmo Mendoza explained that he feared the Guatemalan police and believed they would not help, and his expert testified that local police persecute many indigenous victims who report crime or aid Ladinos in land disputes. On this record, the agency's overreliance on Calmo Mendoza's failure to report was improper. *See id.* On remand, the BIA must reassess whether Calmo Mendoza has shown torture with the consent or acquiescence of a public official. 8 C.F.R. §§ 1208.16(c), 1208.18(a).

3. Calmo Mendoza argues that substantial evidence does not support the agency's finding that he can safely relocate within Guatemala. The agency must consider "the possibility of relocation within the country of removal," *Maldonado*, 786 F.3d at 1164, and any relevant country conditions, 8 C.F.R. § 1208.16(c)(3). The IJ's finding that Calmo Mendoza only feared general crime in Guatemala City is not supported by the record. At the hearing, Calmo Mendoza testified about 1) fear that his attackers would find him in another city again, 2) crime rates in Guatemala City, and 3) his lack of ties in that city. His expert further testified about increased risks to indigenous outsiders in Guatemala City from his persistent attackers, gangs, and police violence.

3

"CAT claims must be considered in terms of the aggregate risk of torture from all sources, and not as separate, divisible CAT claims." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1184 (9th Cir. 2020) (quoting *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015)).  The agency's failure to consider Calmo Mendoza's aggregate risk of torture in Guatemala City was improper.  *See, e.g., Arrey v. Barr*, 916 F.3d 1149, 1161 (9th Cir. 2019) (finding substantial evidence did not show that a petitioner could safely relocate within Cameroon to avoid torture when she previously attempted to flee her attacker and was found).

4.     Finally, Calmo Mendoza contends that the agency failed to give appropriate weight to his expert Alison Kempson Aparicio's opinion.  The IJ rejected "a considerable amount" of Kempson Aparicio's testimony and found her opinion "incredible," and the BIA agreed.  To reject an expert's testimony, the agency must state "in the record why the testimony was insufficient to establish the probability of torture." *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (citation omitted).  "Improperly rejected expert testimony is a legal error and, thus, per se reversible." *Id.*

We conclude that the agency erred in rejecting Kempson Aparicio's opinion. To the extent the agency required the corroboration of the expert's opinion, this was error.  "An expert is permitted to base h[er] opinion on hearsay evidence and need not have personal knowledge of the facts underlying h[er] opinion." *Aguilar-*

*Ramos v. Holder*, 594 F.3d 701, 706 n.7 (9th Cir. 2010). An expert's testimony itself is evidence to support a petitioner's claim. *See Castillo*, 980 F.3d at 1284; *Velasquez-Samayoa v. Garland*, -- F.4th --, 2022 WL 2284535, at *7 (9th Cir. 2022). Further, the agency's rejection of Kempson Aparicio's testimony based on her purported failure to cite supporting sources or to consider Calmo Mendoza's individual circumstances is belied by the record. Kempson Aparicio did so both at the hearing and in her affidavit. "Where the Board does not consider all the evidence before it, either by misstating the record or failing to mention highly probative or potentially dispositive evidence, its decision cannot stand." *Castillo*, 980 F.3d at 1283 (cleaned up) (citation omitted).

We remand for reconsideration. *I.N.S. v. Ventura*, 537 U.S. 12, 16-17 (2002).

**PETITION GRANTED.**