**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L.M., | No. 23-241 |
| Petitioner, | Agency No. A075-543-647 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2024
San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.
Dissent by Judge M. SMITH.

L.M.[1], a native and citizen of Mexico, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of an

Immigration Judge ("IJ") (collectively, the "Agency") denying his applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] We grant L.M.'s unopposed motion to proceed under a pseudonym (Dkt. No. 49) and refer to petitioner by his initials. The Clerk's office will update the docket and the parties shall use the initials in any future filings.

adjustment of status under 8 U.S.C. § 1255 and for deferral of removal under the Convention Against Torture ("CAT"). Because the BIA streamlined the appeal, 8 C.F.R. § 1003.1(e)(4), and affirmed without opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir. 2003).

    1. L.M. contends the IJ improperly rejected the opinion testimony of his expert witness, Dr. Slack, in assessing his application for CAT relief. An IJ is required to consider "all evidence relevant to the possibility of future torture," 8 C.F.R. § 208.16(c)(3), and "give reasoned consideration to the potentially dispositive testimony of" an expert witness, *Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011). However, an IJ is not required to accept an expert's opinion. "If the [Agency] rejects expert testimony, it must state 'in the record why the testimony is insufficient to establish the probability of torture.'" *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (quoting *Cole*, 659 F.3d at 772). For example, "the Agency may reject credible testimony if it is contradicted or 'outweighed by other more persuasive evidence.'" *Velasquez-Samayoa v. Garland*, 49 F.4th 1149, 1157 (9th Cir. 2022) (emphasis omitted) (quoting *Garland v. Ming Dai*, 593 U.S. 357, 373 (2021)).

    *Velasquez-Samayoa* and *Castillo* held that the Agency erred when it rejected testimony of qualified experts simply because the testimony was not corroborated by additional evidence in the record, specifically country condition reports.

*Velasquez-Samayoa*, 49 F.4th at 1157 ("The mere fact that [the expert] testimony is not corroborated by country conditions evidence is not alone a valid reason for rejecting that testimony—expert testimony can itself provide evidence of country conditions."); *Castillo*, 980 F.3d at 1284 ("If an expert's opinion could only be relied upon if it were redundant with other evidence in the record, there would be no need for experts."). However, if an "expert's testimony rests on a specific premise that, if true, would be expected to be corroborated by" other record evidence but was not, an IJ may explain as much in rejecting the testimony. *Velasquez-Samayoa*, 49 F.4th at 1157.

Here, the IJ found Dr. Slack qualified as an expert on "country conditions in Mexico, violence in Mexico, and violence against deportees in Mexico." He "accept[ed] the factual information [Dr. Slack] provided based on his research," but gave no weight to "the probability assessments on issues such as the likelihood of harm or danger" or to his "opinion as to the likelihood of torture." The IJ's reason for doing so was because "there is no statistical information to place such predictions in context." The IJ faulted the lack of "[a]ccurate quantitative statistics on outcomes, for example how many non-citizens that are returned to Mexico" are harmed and evidence on the "prevalence" of torture among removed non-citizens with the same type of criminal history as L.M.

However, as Dr. Slack testified, those kinds of "accurate quantitative statistics" do not exist because of the very nature of the criminal activity at issue. Dr. Slack used statistics that were available for his regression analysis, conducted empirical studies, and engaged in ethnographic research—the "principal research method" and "gold standard" for this area of study. He conducted the type of comparative analysis the IJ found was missing, assessing risk characteristics as compared to the broad group of removed non-citizens. This type of expert testimony is—according to this record— the best available information on these issues; the lack of quantitative statistics was perhaps a reason to discount the weight of Dr. Slack's testimony, but not to reject it entirely. *See Castillo*, 980 F.3d at 1284.

The IJ's rejection of Dr. Slack's testimony was legal error under *Velasquez-Samayoa*, 49 F.4th at 1156–57, and *Castillo*, 980 F.3d at 1283–84. We remand for further consideration of this testimony as it pertains to L.M.'s application for CAT protection. *See Velasquez-Samayoa*, 49 F.4th at 1157–58.

2. L.M. argues the IJ also erred in failing to consider other "evidence relevant to the possibility of future torture," 8 C.F.R. § 208.16(c)(3), including various aspects of Dr. Slack's factual testimony relevant to the likelihood of torture and L.M.'s ability to safely relocate, evidence about ongoing threats against L.M., and evidence of widespread corruption and human rights violations that increase

the risk to L.M. He also contends the IJ erred in his aggregation analysis by failing to consider all sources of risk and their overlapping nature in the aggregate. *See Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015), *abrogated on other grounds by Borden v. United States*, 593 U.S. 420 (2021). Our consideration of those arguments would be premature in light of our remand for further consideration of Dr. Slack's opinion testimony, because on remand, the Agency will be required to consider all relevant evidence in the aggregate. *See* 8 C.F.R. § 208.16(c)(3); *Velasquez-Samayoa*, 49 F.4th at 1158.[2]

3. Under 8 U.S.C § 1252(a)(2)(B)(i), we lack jurisdiction over the IJ's discretionary denial of L.M.'s request for a waiver of inadmissibility. L.M. has not raised a cognizable legal or constitutional question over which we retain jurisdiction under § 1252(a)(2)(D). We dismiss that portion of the petition.

4. L.M. also challenges the BIA's summary affirmance procedure. But we have previously held that the procedure does not violate due process. *Falcon Carriche*, 350 F.3d at 848; *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1078-79 (9th Cir. 2004). "To the extent that [the petitioner] challenges the BIA's decision to streamline [his] particular case, that argument collapses into our review of the

---

[2] We agree with the IJ that absent Dr. Slack's opinion testimony, the record does not compel the conclusion that L.M. suffered past torture by a private actor that the Mexican government was unwilling or unable to control. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017).

merits of [his] case." *Ferreira v. Ashcroft*, 390 F.3d 1091, 1100 (9th Cir. 2004).

**PETITION DISMISSED IN PART, GRANTED IN PART, and REMANDED.**[3]

---

[3] Each party shall bear its own costs. *See* Fed. R. App. P. 39(a)(4). The motions to stay removal (Dkt. Nos. 4, 12) are denied as moot.

*L.M. v. Garland,* 23-241

M. SMITH, Circuit Judge, dissenting:

I concur in parts 3 and 4 of the majority's reasoning. However, I respectfully dissent as to parts 1 and 2. In my view, even if the IJ did err in this case by failing to state certain magic words, remand would be futile.

As the majority notes, an agency is required to *consider* expert testimony relevant to the possibility of future torture. *Velasquez-Samayoa*, 49 F.4th at 1156. However, it is not required to *accept* an expert's opinion. *Id*. at 1156–57. For example, an agency may reject testimony if it is "outweighed by other more persuasive evidence." *Id.* at 1157 (cleaned up).

The IJ here clearly *considered* Dr. Slack's testimony, having discussed it at length in his order denying CAT relief. What he did not do was *accept* Dr. Slack's conclusion that Petitioner was more likely than not to be tortured. That decision makes sense when considering the record as a whole, which is what the IJ was required to do when making the more-likely-than-not determination. *See* 8 C.F.R. § 208.16(c)(3) (requiring consideration of "all evidence" relevant to torture in the record). And despite not saying so outright, it is apparent from the order that the IJ thought other evidence in the record outweighed certain of Dr. Slack's opinions.

At bottom, the IJ reviewed numerous pieces of evidence, including Dr. Slack's testimony, and was entitled to conclude that some pieces of evidence outweighed others, and to reach a conclusion based on the record as a whole. On remand, I

suspect that the IJ will point to evidence in the record such as the above, use the magic words ("This evidence outweighs that evidence"), and ultimately deny relief. Because we are not required to "convert judicial review of agency action into a ping-pong game," *Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 566 n.9 (9th Cir. 1985) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)), I would decline to remand in a case such as this, where remand would "be an idle and useless formality." *Id.*